UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-Civ-22541-COOKE/TORRES

JAIME SOLER, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

INDYMAC MORTGAGE SERVICES,
ONEWEST BANK, N.A., ASSURANT, INC.,
and AMERICAN SECURITY INSURANCE
COMPANY,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE

This matter is before the Court on Defendant OneWest Bank N.A.'s Motion to Transfer Venue and Incorporated Memorandum of Law (ECF No. 21). Plaintiff filed its Response in Opposition to Defendant OneWest Bank N.A.'s Motion to Transfer Venue (ECF No. 32), to which Defendant filed its Reply in Support of its Motion to Transfer Venue and Incorporated Memorandum of Law (ECF No. 35). After reviewing Defendant OneWest's Motion, the Response and Reply thereto, the record, and the relevant legal authorities, Defendant OneWest's Motion to Transfer Venue is granted.

### I. BACKGROUND

"Force-placed" or "lender-placed" insurance is a type of insurance policy mortgage lenders place on a property when borrowers fail to obtain or maintain proper hazard, flood, or wind insurance coverage. The typical mortgage agreement allows a mortgage lender to obtain and subsequently charge the borrower for insurance when a borrower's policy lapses or provides insufficient coverage under the mortgage agreement.

Plaintiff, Jaime Soler, currently a resident of Orange County, Florida, owns property in the Bronx, New York. (Compl. ¶ 12; Civil Cover Sheet, Dkt. No. 1-2, at I(b)). On July 9, 2014, Mr. Soler filed this action regarding the insurance placed on his New York property

by his mortgage servicer, Defendant IndyMac Mortgage Services ("Indymac"), and by his lender, Defendant OneWest Bank, N.A. ("OneWest").[1] Defendants Assurant, Inc. and American Security Insurance Company ("ASIC") were the insurance providers of the policy.[2] Between May 10, 2013 and August 19, 2013, IndyMac sent four letters to Plaintiff's White Plains, New York address regarding the insurance placed on his property in the Bronx, New York. (Jancarz Decl. Ex. 1-4).

Mr. Soler does not challenge OneWest's right to force place insurance on his mortgaged property. (Compl. ¶ 43). Rather, he alleges that Defendants harmed him by: (1) manipulating the force-placed insurance market to inflate premiums; (2) placing unnecessary and backdated insurance on his property; and (3) entering into a profitable arrangement in which OneWest exclusively force placed Assurant policies in exchange for kickbacks disguised as "commissions" or "expense reimbursements." (Compl. ¶ 26).

Plaintiff brings this action pursuant to Fed.R.Civ.P. 23 on behalf of himself and a proposed nationwide class of borrowers similarly situated. (Compl. ¶ 48). Plaintiff also wishes to represent two statewide subclasses: a Florida subclass as to Defendants' alleged violations of the Florida Deceptive and Unfair Trade Practices Act and a New York subclass as to Defendants' alleged violations of the New York Deceptive Practices Statute. (Compl. ¶ 48).

On September 9, 2014, OneWest filed a Motion to Change Venue pursuant to the common law "first-filed rule" or, alternatively, 28 U.S.C. § 1404(a).[3] On December 3, 2014, Plaintiff filed a Voluntary Dismissal of all Claims against Defendant Assurant, Inc, and on December 10, 2014, I entered an Order Dismissing all Claims against Defendant Assurant, Inc.

## II. LEGAL STANDARD

---

[1] OneWest is headquartered in Pasadena, California and conducts mortgage-servicing activities from offices in Austin, Texas and Kalamazoo, Michigan. (Jancarz Decl. ¶¶ 2-3). IndyMac is a division of OneWest and is also headquartered in Pasadena. (Compl. ¶ 18).

[2] Assurant is a Delaware corporation with its principal office in New York, New York. (Compl. ¶ 13). ASIC is a Delaware corporation and indirect subsidiary of Assurant; its principal office is in Atlanta, Georgia. (Compl. ¶ 15).

[3] OneWest's "first-filed" argument depends on *Meyer v. One W. Bank, F.S.B.*, No. CV 14-05996 DDP AGRX, 2015 WL 1222402, at *3 (C.D. Cal. Mar. 18, 2015), a case that was pending in the Central District of California, but that has since been dismissed. Therefore, transfer under the "first-filed" rule is no longer appropriate. The Court will address only OneWest's arguments for transfer pursuant to 28 U.S.C. § 1404(a).

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A court must first determine whether the action could have been brought in the venue to which transfer is sought. *Windmere Corp. v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985). A court must then consider whether transfer best serves convenience and the interests of justice based on the following nine factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005). The party moving for transfer carries the burden of demonstrating that the alternate forum is more convenient, *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989), and a district court has broad discretion to determine whether transfer is appropriate. *Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1275 (S.D. Fla. 2011).

### III. ANALYSIS

Plaintiff concedes the first prong of the transfer analysis. He admits that this action could have been brought in either of OneWest's proposed jurisdictions, the Central District of California or the Southern District of New York. (Resp. at 12). With regard to the second prong, several of the factors are neutral, unclear, or not supported by relevant evidence. The factors that are in play, however, support transfer to the Southern District of New York.

The first factor—the convenience of the witnesses—does not favor either party. Regardless of the ultimate trial forum, witnesses may have to travel. Both parties refer to several headquarters, offices, and locations, but neither specifically names any key witnesses that may be called. *SmithKline Beecham Clinical Labs.*, 146 F. Supp. 2d 1335, 1362 (S.D. Fla. 2001). Additionally, neither party addresses the fifth factor—the availability of process to compel the attendance of unwilling witnesses—which therefore remains a neutral factor.

OneWest also fails to address the second factor, the location of relevant documents. Several courts consider this factor to be obsolete in the modern age of electronic communications. *See, e.g., Pilevesky v. Suntrust Bank*, No. 10-CV-2290, 2010 WL 4879006, at

3

*4 (E.D.N.Y Nov. Nov. 22, 2010). Here, regardless of the ultimate forum, litigation will require the parties to fax, email, or ship documents.

Neither party puts forth strong arguments either way for the third and sixth factors—the parties' convenience and relative means for pursuing or defending claims. OneWest does not discuss relative means at all, while Plaintiff asserts that both parties are capable of pursuing or defending claims. (Resp. at 15). Plaintiff argues that litigation in Miami, Florida would be more convenient for ASIC, whose servicing department is in Atlanta, Georgia. (Resp. at 14). However, ASIC has not opposed OneWest's Motion to Change Venue (and travel from Atlanta to New York is not much more inconvenient than travel from Atlanta to Miami). Plaintiff also points to the location of Assurant's actuarial department in Miami, Florida in support of its argument for maintaining this case in Florida, but Assurant is no longer a party to the case. (ECF No. 56). Finally, Plaintiff argues that transferring the case to the Central District of California would be inconvenient for him, but does not say the same about the Southern District of New York. (Opp. at 14). Thus, on balance, the third and sixth factors are neutral.

Typically, there exists a presumption in favor of the plaintiff's choice of venue, so that when the evaluation of any particular factor results in a neutral outcome, that factor is perceived as not favoring transfer. *Watson v. Cmty. Educ. Centers, Inc.*, No. 2:10-CV-00778-36SPC, 2011 WL 3516150, at *5 (M.D. Fla. Aug. 11, 2011). However, a plaintiff's forum choice is generally accorded less weight when he does not reside in the forum state. *See Snowmagic, Inc. v. Aquapark Holdings, LLC*, No. 14-80262-CIV, 2014 WL 1463656, at *2 (S.D. Fla. Apr. 15, 2014). Mr. Soler resides in Orange County, which is part of the Middle District of Florida. 28 U.S.C § 89(b). Mr. Soler's forum choice is accorded even less weight because he seeks to represent at putative nationwide class. *See Credit Bureau Servs., Inc. v. Experian Info. Solutions, Inc.*, No. 12-61360-CIV, 2012 WL 6102068, at *23 (S.D. Fla. Dec. 7, 2012). Therefore, given the reduced deference to Mr. Soler's forum choice, the neutral factors above do not weigh against transfer, but instead, remain neutral.

To carry its burden under 28 U.S.C. § 1404(a), OneWest relies most heavily on the fourth factor—the locus of operative facts—which it argues is in either the Southern District of New York or the Central District of California. In OneWest's view, substantial events or omissions giving rise to Mr. Soler's claims occurred in the Southern District of New York

because Mr. Soler's property is located in the Bronx, New York and the letters that Mr. Soler alleges as misleading were mailed to his White Plains, New York address. (Mot. Transfer at 9). OneWest also argues that substantial events or omission's giving rise to Mr. Soler's claims occurred in the Central District of California where OneWest is headquartered. (*Id.* at 8). Had Defendants engaged in a force-placed insurance scheme, OneWest's headquarters in California would have been the scheme's center of gravity. (*Id.*)

Both New York and California have at least some connection to this case, but neither appears to be the true locus of operative facts. Based on the several headquarters, offices, and locations of Defendants, this factor remains somewhat unclear. It is clear, however, that the locus of operative facts is *not* in the Southern District of Florida. Plaintiff's only evidence to the contrary is that Assurant's actuarial department is in Miami, Florida. (Opp. at 14). First, there exists doubt as to what that actually demonstrates about the locus of operative facts. Second, Mr. Soler voluntarily dismissed all counts against Assurant. (ECF No. 56). Thus, this cause of action has little, if any, connection to the Southern District of Florida. When facts giving rise to the cause of action have only a limited connection to plaintiff's choice of forum, the Court gives "only minimal deference" to that choice. *Motorola*, 804 F. Supp. 2d at 1276.

The next factor is the forum's familiarity with the governing law. OneWest contends that New York law will govern Plaintiff's state law claims and, therefore, the Southern District of New York is an appropriate forum. (Mot. Transfer at 13). Plaintiff does not challenge this argument. Indeed, the allegedly misleading letters were sent to New York, Plaintiff's mortgaged property is in New York, and one of Plaintiff's remaining claims comes under the New York Deceptive Practices Statute. Conversely, there is very little to suggest that Florida law will govern any of the state law issues. While Plaintiff does allege violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), (Compl. ¶ 95-97), he may not have standing to bring this claim. *See Greater St. Louis Periodontics, P.C. v. Implant Innovations, Inc.*, 259 F.R.D. 617, 627 (S.D. Fla. 2008) (plaintiff lacked standing to assert FDUTPA claim where injury in the form of the loss of the value of the purchase price occurred in Missouri); *Dart Indus., Inc. v. Acor*, 2008 WL 4816612, *12-*13 (M.D. Fla. Nov. 5, 2008) (dismissing FDUTPA claim even though alleged injury occurred in Florida and involved Florida-based plaintiff, because the offending conduct occurred in Tennessee, was

5

carried out by a Tennessee resident, and arose in connection with a Tennessee property).

The eighth factor—the plaintiff's forum choice—no longer weighs in favor of Mr. Soler. While there is normally a strong presumption in favor of a plaintiff's forum choice, the facts of this case substantially diminish that presumption. First, Mr. Soler does not reside in the forum. *See Snowmagic*, 2014 WL 1463656, at *2. Second, Mr. Soler seeks to represent a putative nationwide class. *See Credit Bureau Servs.*, 2012 WL 6102068, at *23. Third, the facts giving rise to Mr. Soler's cause of action are not connected to this forum. *See Motorola*, 804 F. Supp. 2d at 1276. Mr. Soler correctly points out that courts accord some weight to a plaintiff's forum choice, even when the weight is "less than normal." (Resp. at 15). However, in the case that Mr. Soler cites in support of this proposition—*Balloveras v. Purdue Pharma Co.*, No. 04-20360-CIV-MORENO, 2004 WL 1202854, at *1 (S.D. Fla. May 19, 2004)—the district court *granted* the defendant's motion to transfer on facts similar to those here. Furthermore, the plaintiff in *Balloveras* resided in the forum district, whereas Mr. Soler does not. *Id.*

The final factor—trial efficiency and the interests of justice—weighs in favor of transfer. The mortgaged property, allegedly misleading letters, and governing state law are all connected to the Southern District of New York. On the other hand, there are no facts or evidence that anchor this case to the Southern District of Florida. With regard to trial efficiency, Plaintiff again cites *Balloveras*. (Opp. at 15). There, the court found that transfer to the Southern District of New York was appropriate because, *inter alia*, "the underlying facts giving rise to the action arose in New York." *Balloveras*, 2004 WL 1202854, at *1.

## IV. CONCLUSION

Plaintiff does not live in the forum district, seeks to represent a putative nationwide class, and brings a cause of action with little or no connection to the Southern District of Florida. On the other hand, Defendant has demonstrated that this case has a stronger connection to the Southern District of New York. Therefore, this Court finds that transfer, pursuant to 28 U.S.C. § 1404(a), is appropriate. It is therefore **ORDERED and ADJUDGED** as follows:

1. Defendant OneWest Bank N.A.'s Motion to Transfer Venue and Incorporated Memorandum of Law (ECF No. 21) is **GRANTED**.

2. This action, case number 14-22541-CIV-COOKE/TORRES, is hereby **TRANSFERRED** to the United States District Court for the Southern District of New York.

**DONE and ORDERED** in chambers, at Miami, Florida, this 29TH day of June 2015.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*